IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLEY TROY COOLEY,<br>    Petitioner,<br><br>v.<br><br>PENNSYLVANIA BOARD OF<br>PROBATION AND PAROLE, et al.,<br>    Respondents. | )<br>) C.A. No. 10-2 Erie<br>)<br>)<br>) District Judge McLaughlin<br>) Magistrate Judge Baxter<br>)<br>) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the Erie County District Attorney's motion to dismiss petition for writ of *habeas corpus* [ECF No. 11] be denied.

**II.    REPORT**

    **A.    Relevant Procedural History**

Petitioner Kelley Troy Cooley is a state prisoner presently incarcerated at the State Correctional Institution at Pittsburgh, Pennsylvania. On January 4, 2010, Petitioner filed with this Court a petition for writ of *habeas corpus,* pursuant to 28 U.S.C. § 2254, attacking a judgment of conviction that occurred on November 7, 2006 in the Erie County Court of Common Pleas. [ECF No. 7]. The Erie County District Attorney has filed a motion to dismiss [ECF No. 11], arguing that the instant petition is a second or successive federal habeas petition challenging the same judgment of conviction that Petitioner is presently challenging before this Court at Civil Action No. 10-1 Erie. The District Attorney argues that, because Petitioner did not receive from the Third Circuit Court of Appeals an order authorizing this Court to consider the instant petition, the petition must be dismissed under 28 U.S.C. § 2244(b)(3)(A).

    **B.    Relevant Factual History**

On November 7, 2006, Petitioner was convicted of Possession of Marijuana, Disorderly Conduct, and Public Drunkenness in the Erie County Court of Common Pleas, at Criminal

Docket No. 1072 of 2006. (Petition, ECF No. 7, at p. 1). On March 7, 2007, he was sentenced to serve three to six years of imprisonment, followed by one year of supervised release. (Id.). Petitioner's direct appeals to the Pennsylvania Superior Court and Pennsylvania Supreme Court were denied on August 1, 2008, and January 12, 2009, respectively. (Id. at p. 2). Petitioner subsequently filed a petition under Pennsylvania's Post-Conviction Relief Act ("PCRA petition"), which was denied by the sentencing court on June 8, 2009. (Id. at p. 6). Petitioner appealed the denial of his PCRA petition to the Pennsylvania Superior Court, but withdrew the appeal on November 1, 2009. (Id.). The instant petition was filed on January 4, 2010, and raises the following grounds for habeas relief:

1. Is the evidence insufficient as a matter of law on the charge of possession [of a] small amount of marijuana? (Id. at p. 5).

2. Is the evidence insufficient as a matter of law on the charge of public drunkenness? (Id. at p. 7).

3. Is the evidence insufficient as a matter of law on the charge of disorderly conduct? (Id. at p. 8).

4. Did the lower court violate Petitioner's constitutional right to counsel by forcing him to represent himself without a comprehensive colloquy? (Id. at p. 10).

5. Did the trial judge and prosecutor violate Petitioner's right to due process and equal protection to a fair jury trial? (Id. at p. 11).

**B.** **Discussion**

28 U.S.C. § 2244(b)(3)(A) mandates that before filing a second or successive habeas corpus petition, a petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition. Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. §2244(b)(3)(C). Section 2244(b)'s allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. Burton v. Stewart, 549 U.S. 147 (2007).

Here, the District Attorney contends that the instant petition must be dismissed as an unauthorized second or successive petition because Petitioner already filed a "similar Petition for Writ of Habeas Corpus on or about January 4, 2010," in which he allegedly "raises the exact same claims." (Motion to Dismiss, ECF No. 11, at ¶¶ 2-3). This contention is without merit.

The other "similar" petition to which the District Attorney refers is docketed with this Court at Civil Action No. 10-1 Erie. In that petition, Petitioner challenges a judgment of conviction that occurred on November **6**, 2006, in the Erie County Court of Common Pleas, at Criminal Docket No. **1294** of 2006. In that criminal action, Petitioner was convicted of Robbery, Retail Theft, Receiving Stolen Property, Harassment, and Disorderly Conduct. Thus, the judgment of conviction challenged by Petitioner at Civil Action No. 10-1 Erie, is completely different from the one being challenged in the instant petition. Moreover, the grounds raised in the other petition include claims of ineffective assistance of counsel and a challenge to the sufficiency of evidence regarding his Robbery conviction, which claims are not raised here.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Erie County District Attorney's motion to dismiss petition for writ of *habeas corpus* [ECF No. 11] be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
United States Magistrate Judge

Dated: October **8**, 2010

cc: The Honorable Sean J. McLaughlin
United States District Judge